UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.   04-CR-10016-NG |
| | ) | |
| WALDIR DEOLIVEIRA | ) | |
| | ) | |

**MOTION FOR HEARING CONCERNING MEDICAL TREATMENT OF DEFENDANT**

Now comes the attorney for Waldir DeOliveira and respectfully requests this Honorable Court to order the United States Marshall and the Plymouth County Sheriff to appear for a hearing to determine whether Mr. DeOliveira has been receiving the necessary and adequate medical treatment in connection with what appear to be serious medical symptoms and problems.

Counsel states that Mr. DeOliveira has been complaining about certain medical problems. He has complained that he has lost over 60 pounds since his incarceration. He has complained that one of his testicles is swollen to twice its normal size. (Counsel is only repeating the description of the size of the testicle given to him by his client). He has also complained that he has been bleeding.

Mr. DeOliveira states that the Plymouth County officials do not respond to his requests to see the facility doctor. Counsel has been in touch with Dennis Allen who is in the medical office at Plymouth. Mr. Allen has told me that the defendant has seen the doctor at Plymouth and that he has been seen at the Lemuel Shattuck Hospital. However, Mr. DeOliveira states that he has not been receiving treatment, and that he is not improving.

I contacted the United States Marshall's Office to raise this complaint. I have yet to receive a return phone call.

WHEREFORE, counsel for Mr. DeOliveira respectfully requests that the Court order the United States Marshall and the Plymouth County Sheriff to appear, along with Mr. DeOliveira, to discuss and review the medical treatment received by the defendant and to determine the adequacy of same.

    Respectfully Submitted
    WALDIR DEOLIVEIRA

    _____
    Stephen J. Weymouth
    65a Atlantic Avenue
    Boston, MA 02110
    (617) 573-9598
    BBO# 523680

## CERTIFICATE OF SERVICE

I, Stephen J. Weymouth, hereby certify that a true copy of the Motion For Hearing Concerning Medical Treatment of Defendant was served upon Assistant United States Attorney, Seth Berman, by mail on June 2, 2004.

    _____
    Stephen J. Weymouth

Case 1:04-cr-10016-NG    Document 13    Filed 06/18/2004    Page 5 of 13

icy violates his constitutional and statutory rights and frustrates the Court's clearly stated intent, which relied upon then existing BOP policy of long standing.  Mr. Mallory intends to file a <u>Motion to Correct Sentence</u>, pursuant to Fed. R. Crim. P. 36, and a <u>Motion to Vacate Sentence,</u> pursuant to 28 U. S. C., section 2255.  The proposed stay, attached hereto, is intended to maintain the status quo in order to give the Court an opportunity to hold a hearing and/or receive relevant proceedings.  <u>See Preliminary Order</u> (dated January 10, 2003), <u>Frank Iacoboni v. United States</u>, Civil Action No. 03-30005-MAP

(attached hereto as Exhibit B).  In addition, Mr. Mallory's transfer to federal prison would frustrate this Court's clearly expressed intent.

## STATEMENT OF FACTS

On September 5, 2002, this Court ordered Mr. Mallory to serve a sentence of 12 months imprisonment.  The Court recommended that Mr. Mallory serve the sentence in a halfway house and that Mr. Mallory be allowed to self-report on October 4, 2002.

On October 4, 2002, Mr. Mallory reported to the Coolidge House.  At the time of reporting, Mr. Mallory was working for Rise and Shine, a cleaning company.  Mr. Mallory maintained that employment until the end of 2002.

As a result of a retroactive change in BOP policy, Mr. Mallory has been ordered to report to the federal prison at Fort Devens on January 27, 2003.  Mr. Mallory has been unable to obtain new employment because of the pending transfer to federal prison.

## ARGUMENT

At the time this Court imposed its sentence upon Mr. Mallory, the clear policy of the Bureau of Prisons was to permit defendants with one year or less to be served to be designated to a Community Corrections Center, especially in those matters in which the Court has recommended such a designation.  See BOP Program Statement 5100, Chapter 4 (attached hereto as Exhibit C).  This policy has been in effect for at least 20 years.  See New York Times, December 24, 2002 (attached hereto as Exhibit D).  The policy still appears on the BOP's website.  See www.bop.gov.  The Presentence report in this matter included a statement of the policy.  This Court reasonably relied upon this policy in imposing sentence, and, indeed, BOP accepted the recommendation.

Mr. Mallory submits that BOP should be estopped from re-classifying Mr. Mallory where this Court reasonably relied upon BOP policies in effect at the time of the sentencing. Mallory submits further that the policy change is founded upon a misinterpretation of the relevant legal provisions. To transfer Mr. Mallory to a prison would frustrate this Court's intention, would be contrary to the sound principles of rehabilitation and punishment, and would cause Mr. Mallory irreparable harm.

    Respectfully Submitted
    BRETT MALLORY
    By his attorney,

    _____
    Stephen J. Weymouth
    65a Atlantic Avenue
    Boston, MA 02110
    (617) 573-9598
    BBO# 523680

### CERTIFICATE OF SERVICE

I, Stephen J. Weymouth, hereby certify that a true copy of the above document was served upon Assistant United States Attorney, Lori Holik and upon David Dwyer, BOP Community Corrections Manager on January 21, 2003.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

_____
                              )

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CRIMINAL NO.  02-10158-DPW |
| ) | |
| BRETT MALLORY        ) | |
| ) | |

## MOTION FOR EMERGENCY STAY OF
## BUREAU OF PRISONS' RE-CLASSIFICATION

Defendant, Brett Mallory, respectfully moves that this Court order the Bureau of Prisons to stay its order requiring him to leave the Coolidge House --- where Mr. Mallory has, since October 4, 2002, been serving the sentence imposed by this Court --- and report to the federal prison at Fort Devens.  Mr. Mallory is to report to Fort Devens on January 27, 2003.

Mr. Mallory was placed at the Coolidge House, in accordance with the Court's recommendation and stated BOP policy.  See Judgment (attached hereto as Exhibit A). Mallory contends that the retroactive change in policy violates his constitutional and statutory rights and frustrates the Court's clearly stated intent, which relied upon then existing BOP policy of long standing.  Mr. Mallory intends to file a Motion to Correct Sentence, pursuant to Fed. R. Crim. P. 36, and a Motion to Vacate Sentence, pursuant to 28 U. S. C., section 2255.  The proposed stay, attached hereto, is intended to maintain the status quo in order to give the Court an opportunity to hold a hearing and/or receive relevant proceedings.  See Preliminary Order (dated January 10, 2003), Frank Iacoboni v. United States, Civil Action No. 03-30005-MAP (attached hereto as Exhibit B).   In addition, Mr. Mallory's transfer to federal prison would frustrate this Court's clearly expressed intent.

## STATEMENT OF FACTS

On September 5, 2002, this Court ordered Mr. Mallory to serve a sentence of 12 months imprisonment. The Court recommended that Mr. Mallory serve the sentence in a halfway house and that Mr. Mallory be allowed to self-report on October 4, 2002.

On October 4, 2002, Mr. Mallory reported to the Coolidge House. At the time of reporting, Mr. Mallory was working for Rise and Shine, a cleaning company. Mr. Mallory maintained that employment until the end of 2002.

As a result of a retroactive change in BOP policy, Mr. Mallory has been ordered to report to the federal prison at Fort Devens on January 27, 2003. Mr. Mallory has been unable to obtain new employment because of the pending transfer to federal prison.

## ARGUMENT

At the time this Court imposed its sentence upon Mr. Mallory, the clear policy of the Bureau of Prisons was to permit defendants with one year or less to be served to be designated to a Community Corrections Center, especially in those matters in which the Court has recommended such a designation. See BOP Program Statement 5100, Chapter 4 (attached hereto as Exhibit C). This policy has been in effect for at least 20 years. See New York Times, December 24, 2002 (attached hereto as Exhibit D). The policy still appears on the BOP's website. See www.bop.gov. The Presentence report in this matter included a statement of the policy. This Court reasonably relied upon this policy in imposing sentence, and, indeed, BOP accepted the recommendation.

Mr. Mallory submits that BOP should be estopped from re-classifying Mr. Mallory where this Court reasonably relied upon BOP policies in effect at the time of the

sentencing. Mallory submits further that the policy change is founded upon a misinterpretation of the relevant legal provisions. To transfer Mr. Mallory to a prison would frustrate this Court's intention, would be contrary to the sound principles of rehabilitation and punishment, and would cause Mr. Mallory irreparable harm.

                                                Respectfully Submitted
                                                BRETT MALLORY
                                                By his attorney,

                                                _____
                                                Stephen J. Weymouth
                                                65a Atlantic Avenue
                                                Boston, MA 02110
                                                (617) 573-9598
                                                BBO# 523680

## CERTIFICATE OF SERVICE

     I, Stephen J. Weymouth, hereby certify that a true copy of the above document was served upon Assistant United States Attorney, Lori Holik and upon David Dwyer, BOP Community Corrections Manager on January 21, 2003.

                                                _____
                                                Stephen J. Weymouth