## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                                  )
**UNITED STATES OF AMERICA**          )
                                                  )
                                                  )
          **v.**                              )          **CASE NO.    1:04-CR-10016-NG-01**
                                                  )
**WALDIR DEOLIVEIRA,**               )
                    **Defendant**          )
_____)

## MOTION FOR CLARIFICATION OR RECONSIDERATION OF JUDGMENT

Now comes counsel for the defendant and requests this Court to either clarify or to reconsider the judgment entered in this matter on November 21, 2005.

In support of this motion counsel states as follows.  On February 17, 2005, the defendant appeared before this Court in connection with the above entitled matter.  Upon a plea of guilty this Court sentenced the defendant to 21 months of incarceration to be followed by three years of supervised release.

In early September 2005 the defendant violated one of the terms and conditions of the supervised release.  A warrant was issued for the arrest of the defendant.  On November 1, 2005, the defendant, along with counsel, surrendered to a United States Marshal.  The defendant was not released and he was remanded to the Plymouth County Correctional Facility.

On November 21, 2005 the defendant appeared with counsel before this Court. The defendant admitted that he had violated one of the terms and conditions of the supervised release.  Counsel for the defendant and the probation officer, after several discussions, agreed to jointly request that the Court to place the defendant at the Coolidge

House for a period of 90 days to 6 months or until the defendant had found employment

and had established a residence deemed appropriate to the Probation Department.  The

defendant understood that he would be admitted to the Coolidge House but that he would

be able to leave the Coolidge House as soon as he found employment and as soon as he

had found a suitable place to live even if those obligations were met before the expiration

of the 90 day period.  Since there was no bed available at the Coolidge House on

November 21, 2005, the defendant was remanded to Plymouth.

On November 28, 2005 the defendant was removed from Plymouth and

transported to the federal courthouse for release to the Coolidge House.  However, while

the defendant was being processed for the Coolidge House two outstanding warrants

issued by the Charlestown District Court were uncovered for the first time even though

the defendant had been in both state and federal custody since December 1, 2003.  The

defendant was sent to the Nashua Street Jail, and the bed at the Coolidge House was lost

to the defendant.

The defendant first appeared before a Clerk of the Charlestown District Court on

or about December 1, 2005.  Bail was set in the amount of $1,000.00, and the defendant

was remanded to the Nashua Street Jail.  A few days later the defendant appeared before

a judge who continued the same bail and continued the matter until December 21, 2005.

The defendant remained in custody.

On December 21, 2005, a judge dismissed one of the three complaints pending

against the defendant.  The commonwealth was not ready as to the remaining complaints.

The judge refused to dismiss the complaints but did reduce the bail.  The judge continued

the matter until January 13, 2006. The defendant posted bail on or about December 23, 2005. The defendant spent 53 or 54 days in custody on this matter.

Since his release on bail the defendant has found employment in his profession as a chef. The defendant has also married his girlfriend and he is presently living with her in Everett. It is counsel's understanding that the Probation Department has approved the defendant's employment and housing arrangement.

As expected the defendant was ordered to report to the Coolidge House which he did on January 12, 2006. Unexpectedly, the defendant was informed that he would have to stay at the Coolidge House for a minimum of 90 days even though he had already secured employment and housing. On January 13, 2006 the remaining complaints were dismissed in the Charlestown District Court.

The defendant requests this Court to clarify the judgment by ruling that the judgment does not require the defendant to spend a minimum of 90 days at the Coolidge House. In the alternative the defendant requests this Court to amend the judgment so as to permit the defendant to be immediately released from the Coolidge House.

/s/ Stephen J. Weymouth

Stephen J. Weymouth
65a Atlantic Avenue
Boston, MA 02110
617-573-9598
BBO #523680

## CERTIFICATE OF SERVICE

I, Stephen J. Weymouth, hereby certify that a true copy of the foregoing motion was served upon Assistant United States Attorney, Seth Berman and Probation Officer, Lisa M. Paiva by mail, on January 14, 2006.
_____
Stephen J. Weymouth

3